1 | Michele R. Stafford, Esq. (SBN 172509)
Jugpreet S. Mann, Esq. (SBN 306113)
2 | SALTZMAN & JOHNSON LAW CORPORATION
44 Montgomery Street, Suite 2110
3 | San Francisco, California 94104
Telephone: (415) 882-7900
4 | Facsimile: (415) 882-9287
Email: mstafford@sjlawcorp.com
5 | Email: jmann@sjlawcorp.com

6 | Attorneys for Plaintiffs, Operating Engineers'
Health And Welfare Trust Fund for Northern California, et al.

7

8 | UNITED STATES DISTRICT COURT

9 | NORTHERN DISTRICT OF CALIFORNIA

10

11 | OPERATING ENGINEERS' HEALTH AND        Case No.
WELFARE TRUST FUND FOR NORTHERN
12 | CALIFORNIA; RUSSELL E. BURNS and JAMES    **COMPLAINT**
E. MURRAY, Trustees;
13
PENSION TRUST FUND FOR OPERATING
14 | ENGINEERS; RUSSELL E. BURNS and JAMES E.
MURRAY, Trustees;
15
PENSIONED OPERATING ENGINEERS'
16 | HEALTH AND WELFARE TRUST FUND;
RUSSELL E. BURNS and JAMES E. MURRAY,
17 | Trustees;

18 | OPERATING ENGINEERS AND PARTICIPATING
EMPLOYERS PRE-APPRENTICE, APPRENTICE
19 | AND JOURNEYMEN AFFIRMATIVE ACTION
TRAINING FUND; RUSSELL E. BURNS and
20 | JAMES E. MURRAY, Trustees;

21 | OPERATING ENGINEERS LOCAL UNION NO. 3
VACATION, HOLIDAY AND SICK PAY TRUST
22 | FUND; RUSSELL E. BURNS and JAMES E.
MURRAY, Trustees;
23
HEAVY AND HIGHWAY COMMITTEE; and
24
OPERATING ENGINEERS LOCAL 3 OF THE
25 | INTERNATIONAL UNION OF OPERATING
ENGINEERS, AFL-CIO,
26
        Plaintiffs,
27
        v.
28

1

COMPLAINT
Case No.

1  FOUR M'S CONSTRUCTION & BACKHOE, INC.,
   a California corporation; K. DAVID MAYHUGH, an
2  Individual,

3                          Defendants.

4

5                                    Parties

6      1.    The Operating Engineers' Health and Welfare Trust Fund for Northern California (which

7  includes the Addiction Recovery Program, Inc.) ("Health Fund"); Pension Trust Fund for Operating

8  Engineers (which includes the Pension Plan for the Pension Trust Fund for Operating Engineers, the

9  Rehabilitation Plan, and the Operating Engineers Annuity Plan) ("Pension Plan"); Pensioned Operating

10 Engineers' Health and Welfare Trust Fund ("Pensioned Health Fund"); Operating Engineers and

11 Participating Employers Pre-apprentice, Apprentice and Journeymen Affirmative Action Training Fund

12 ("Affirmative Action Training Fund"); and the Operating Engineers Local Union No. 3 Vacation,

13 Holiday and Sick Pay Trust Fund ("Vacation Fund") (collectively referred to hereinafter as the "Trust

14 Funds"), are employee benefit plans as defined in the Employee Retirement Income Security Act of

15 1974 ("ERISA") § 3(3), 29 U.S.C. § 1002(3). Russell E. Burns and James E. Murray are Co-Chairmen

16 of the Joint Boards of Trustees of the Health Fund, Pension Fund, Pensioned Health Fund, and

17 Affirmative Action Training Fund and have authority to act on behalf of all Trustees of those Funds.

18 Russell E. Burns and James E. Murray are Co-Chairmen of the Joint Boards of Trustees of the Vacation

19 Fund and have authority to act on behalf of all Trustees of the Vacation Fund. The Trust Funds and their

20 fiduciaries are together referred to herein as "ERISA Plaintiffs" or "Plaintiffs."

21     2.    The Heavy and Highway Committee is a Trust established under the Labor Management

22 Relations Act ("LMRA"), 302(c)(9), 29 U.S.C. § 186(c)(9).

23     3.    Operating Engineers Local Union No. 3 of the International Union of Operating

24 Engineers, AFL-CIO ("Union") is a labor organization as defined in § 2(5) of the National Labor

25 Relations Act ("NLRA"), 29 U.S.C. § 152(5), and is represented by counsel herein for the limited

26 purpose of collecting union dues owing as part of the subject contribution claims of Plaintiffs, and not

27 for any other cause of action. The Union expressly reserves its rights to pursue any other cause of action

28

                                        2

COMPLAINT
Case No.

1   on its own behalf.

2       4.      FOUR M'S CONSTRUCTION & BACKHOE, INC., a California corporation, and K.

3   DAVID MAYHUGH, an Individual (collectively "Defendants") are employers by virtue of ERISA §

4   3(5), 29 U.S.C. § 1002(5), and NLRA § 2(2), 29 U.S.C. § 152(2).

5                                      Jurisdiction

6       5.      Jurisdiction exists in this Court over the claims asserted by ERISA Plaintiffs by virtue of

7   ERISA § 502, 29 U.S.C. § 1132, in that Plaintiffs seek to enforce the provisions of ERISA and the terms

8   of their plans, seek to enjoin the acts and practices which violate ERISA, seek equitable relief to redress

9   such violations, and seek all other appropriate relief under ERISA.

10      6.      Jurisdiction exists in this Court over all the claims by virtue of LMRA § 301, 29 U.S.C. §

11  185, in that Plaintiffs seek to enforce the terms and conditions of a valid Bargaining Agreement.

12      7.      To the extent jurisdiction over any claim does not exist under ERISA or the LMRA,

13  supplemental jurisdiction exists in this Court over such claims by virtue of 29 U.S.C. § 1367 in that they

14  arise out of a common nucleus of operative facts that form the basis of the federal claims asserted

15  herein, each of which has a substantial ground in federal jurisdiction.

16                                       Venue

17      8.      Venue is conferred upon this Court by ERISA § 502, 29 U.S.C. § 1132. Where an action

18  is brought under ERISA § 502 in a district court of the United States, it may be brought at Plaintiffs'

19  discretion, in the district where the plan is administered, where the breach took place, or where a

20  defendant resides or may be found, and process may be served in any other district where a defendant

21  resides or may be found. ERISA Plaintiffs' Trust Funds are administered in this district at their principal

22  place of business in Alameda, California. Thus, jurisdiction and venue are properly grounded with this

23  Court.

24      9.      Venue exists in this Court with respect to the claims under LMRA § 301(a), 29 U.S.C. §

25  185, as this Court has jurisdiction over the parties, as the Union maintains its principal place of business

26  in this district, its duly authorized officers or agents are engaged in representing employee members in

27  this district, and the claims arise in this district.

28

COMPLAINT
Case No.

Intradistrict Assignment

10.    The basis for assignment of this action to this Court's Oakland Division is that all of the events and omissions giving rise to Plaintiffs' claims occurred in the County of Alameda, where ERISA Plaintiffs' Funds and the Bargained Plans are administered, and where Defendants therefore failed to fulfill their statutory and contractual obligations to Plaintiffs.

Bargaining Agreement

11.    Defendants and the Union entered into the Independent Northern California Construction Agreement (the "Independent Agreement"), an Interim Labor Agreement, and Private Work Agreement. The Independent Agreement and Interim Labor Agreement both incorporate the Master Agreement between the Union and the United Contractors, Associated General Contractors of California, Inc., Industrial Contractors UMIC, Inc., and Northern Alliance of Engineering Contractors by reference. The Master Agreement, which incorporates the terms of the Trust Agreements establishing the Trust Funds ("Trust Agreements"), requires Defendants to provide employer contributions to Plaintiffs' Trust Funds, to the Union for union dues, and to other plans more fully described in the Master Agreement. Under the Independent Agreement, Defendant K. David Mayhugh personally guaranteed all amounts claimed herein. The Independent Agreement, Interim Labor Agreement, Private Work Agreement, and Master Agreement are collectively referred to hereinafter as "Bargaining Agreement." ERISA plaintiffs are third-party beneficiaries of the Bargaining Agreement.

12.    Under the terms of the Bargaining Agreement, and Trust Agreements incorporated therein, Defendants are required to pay certain contributions to: the Health Fund; Pensioned Health Fund; Pension Plan; Funding Improvement Plan; Operating Engineers Annuity Fund; Vacation Fund; Affirmative Action Training Fund; Operating Engineers Industry Stabilization Fund; Assistance & Recovery Program, Inc.; California Alliance for Jobs; Construction Industry Force Account; Operating Engineers Local 3 Heavy & Highway Trust; and Operating Engineers Market Preservation Trust Fund (together referred to herein as the "Bargained Plans"). Plaintiffs' Boards of Trustees have been authorized to collect and distribute monies due to the Bargained Plans under the Bargaining Agreement and Trust Agreements.

**COMPLAINT**
**Case No.**

13.     Under the Bargaining Agreement and Trust Agreements, which are incorporated into the Bargaining Agreement and made binding on Defendants, Defendants are required to regularly pay to ERISA Plaintiffs, the Bargained Plans, and the Union, certain sums of money, the amounts of which are determined by the hours worked by Defendants' employees. Contributions are due on the fifteenth (15th) day of the month following the month in which hours were worked, and are considered delinquent if not received by the twenty-fifth (25th) day of that month. Defendants are also required, pursuant to the Bargaining and Trust Agreements, to pay liquidated damages in the amount of ten percent (10%) for each delinquent contribution, but in the amount of twenty percent (20%) for each delinquent contribution which is the subject of litigation. Moreover, the Bargaining and Trust Agreements provide that interest accrues on delinquent contributions at the rates reasonably set by the Trustees from the date they become delinquent, which is the twenty-sixth (26th) day of the month in which payment was due, until paid in full.

14.     The Bargaining and Trust Agreements further require Defendants to maintain time records or time cards, and to permit an authorized Trust Fund representative to examine such records of Defendants as is necessary to determine whether Defendants have made full payment of all sums owed to ERISA Plaintiffs. Should an audit of Defendants' records reveal Defendants have failed to provide full and prompt payment of all sums due to Plaintiffs, Defendants must reimburse Plaintiffs for the amounts due, including audit fees, in addition to any other obligations pursuant to the Bargaining and Trust Agreements.

<u>Factual Allegations</u>

15.     Defendants have failed and refused to pay contributions reported as due for the period from September 2017 through January 2018. Liquidated damages and interest have been incurred and are owed to Plaintiffs for the unpaid contributions for that period. Defendants have also failed to report and pay contributions for hours worked by their employees for the month of February 2018. Liquidated damages and interest have been incurred and are owed to Plaintiffs for the unpaid contributions for this month.

///

COMPLAINT
Case No.

16. Liquidated damages and interest have also been incurred and are owed to Plaintiffs for late-paid contributions for the periods of July through November 2016 and January through August 2017.

17. Plaintiffs are also entitled to recover any and all other contributions, and all liquidated damages and interest on delinquent contributions not specified above, found due on timecards, audit, or otherwise, including estimated contributions for any months Defendants fail to report to Plaintiffs, through the time of Judgment. Plaintiffs reserve the right to conduct an audit to determine whether there are any additional amounts due from Defendants.

**FIRST CAUSE OF ACTION**
**Payment of Delinquent Contributions, Interest, Liquidated Damages,**
**Attorneys' Fees and Costs Against Defendants**

18. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 17, above.

19. Defendants have a contractual duty to timely pay the required contributions to Plaintiffs and the Bargained Plans, and to timely pay dues to the Union, pursuant to the Bargaining Agreement and Trust Agreements. Defendants have a contractual duty under the Bargaining Agreement and Trust Agreements to permit an audit of their records to determine whether they are making full and prompt payment of all sums required to be paid by them to Plaintiffs, and to pay Plaintiffs all amounts found due as a result of an audit, including audit fees.

20. In addition, Defendants have a statutory duty to timely make the required payments to Plaintiffs under ERISA § 515, 29 U.S.C. § 1145, and LMRA § 301(a).

21. By failing to make the required payments to Plaintiffs, Defendants breached the Bargaining and Trust Agreements and are in violation of ERISA § 515, 29 U.S.C. § 1145, and LMRA § 301(a).

22. Defendants' failure and refusal to pay the required contributions was at all times, and still is, willful. Defendants continue to breach the Bargaining Agreements, and incorporated Trust Agreements, by failing to pay all amounts owed as alleged. Said refusal is unjustified and done with knowledge and intent.

///

COMPLAINT
Case No.

23.    ERISA Plaintiffs are without an adequate remedy at law and will suffer continuing and irreparable injury, loss, and damage unless Defendants are ordered specifically to perform all obligations required on Defendants' part to be performed under ERISA, 29 U.S.C. §§ 1101-1381, the LMRA, 29 U.S.C. §§ 141-197, and the Bargaining and Trust Agreements, and are restrained from continuing to refuse to perform as required thereunder.

24.    This Court is authorized to issue injunctive relief based on the traditional standard. As set forth above, ERISA Plaintiffs have a strong likelihood of success on the merits. There is the possibility that ERISA Plaintiffs' Trust Funds and their participants will suffer irreparable injuries. The balance of hardships and advancement of public interest favor ERISA Plaintiffs.

25.    This Complaint does not in any manner relate to statutory withdrawal liability that may or may not be assessed against Defendants. ERISA Plaintiffs expressly reserve the right to pursue any such withdrawal liability claims against Defendants as provided by ERISA Plaintiffs' Plan Documents, Trust Agreements, and the law.

<u>Prayer</u>

WHEREFORE, Plaintiffs pray as follows:

1.    For a judgment against Defendants as follows:

(a)    Any unpaid contributions, due at time of Judgment, including those specified above as well as any other contributions determined as due by audit, timecards, or otherwise, including estimated contributions for any months Defendants fail to report to Plaintiffs, pursuant to ERISA § 502(g)(2)(A), 29 U.S.C. § 1132(g)(2)(A);

i.    To ERISA Plaintiffs and the Bargained Plans, in accordance with ERISA § 502(g)(2)(A), 29 U.S.C. § 1132(g)(2)(A) and the Bargaining Agreement;

ii.    To the Union in accordance with the Bargaining Agreement.

(b)    Liquidated damages on all late-paid and unpaid contributions in an amount provided for under the Bargaining and Trust Agreements, and with respect to ERISA Plaintiffs, ERISA § 502(g)(2)(c), 29 U.S.C. § 1132(g)(2)(c).

///

**COMPLAINT**
**Case No.**

(c)    Interest on all late-paid and unpaid contributions at the rates set in accordance with the Bargaining Agreement, the Trust Agreements, and ERISA § 502(g)(2)(B), 29 U.S.C. § 1132(g)(2)(B).

2.    Plaintiffs' reasonable attorneys' fees and costs of this action, including any audit fees, in accordance with ERISA § 502(g)(2)(D) and (E), 29 U.S.C. § 1132(g)(2)(D) and (E); and in accordance with the Bargaining Agreement for all Bargained Plans; and with LMRA § 301, 29 U.S.C. § 185, for all Plaintiffs.

3.    For an order,

(a)    requiring that Defendants comply with their obligations to Plaintiffs under the terms of the Bargaining Agreement and the Trust Agreements;

(b)    enjoining Defendants from violating the terms of those documents and of ERISA; and,

(c)    enjoining Defendants from disposing of any assets until said terms have been complied with, and from continuation or operation of Defendants' business until said terms have been complied with.

4.    That the Court retain jurisdiction of this case pending compliance with its orders.

5.    For such other and further relief as the Court may deem just and proper.

DATED: March 20, 2018                    SALTZMAN & JOHNSON LAW CORPORATION


By: _____/S/_____
                    Jugpreet S. Mann
                    Attorneys for Operating Engineers' Health And
                    Welfare Trust Fund for Northern California, et al.

**COMPLAINT**
**Case No.**